# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KALAN L. BARTHELEMY**                                    **CIVIL ACTION**

**VERSUS**                                                          **NO. 19-10086**

**CHS-SLE LAND, L.L.C. ET AL**                             **SECTION: "G"(1)**

## ORDER AND REASONS

Pending before the Court is Defendant CHS Inc.'s ("Defendant") "Motion to Dismiss Pursuant to Rules 4(m) and 12(b)(6)."[1] In this litigation, Plaintiff Kalan L. Barthelemy ("Plaintiff") filed a Complaint alleging that her former employer, Defendant, subjected her to discrimination on the basis of her gender.[2] In the instant motion, Defendant argues that Plaintiff's claims should be dismissed because: (1) service was untimely and (2) in the alternative, Plaintiff fails to state a claim upon which relief can be granted.[3] Considering Defendant's motion, the memoranda in support and opposition, and the applicable law, the Court grants the motion in part, denies the motion in part, and grants Plaintiff leave to amend the Complaint to address certain pleading deficiencies noted herein, if possible.

## I. Background

On May 3, 2019, Plaintiff filed a Complaint in this Court naming CHS-SLE LAND, LLC and CHS, Inc. as defendants.[4] Plaintiff brings claims against CHS-SLE LAND, LLC and CHS, Inc. for declaratory and injunctive relief pursuant to Title VII of the Civil Rights Act of 1964, as

---

[1] Rec. Doc. 13.

[2] Rec. Doc. 1.

[3] Rec. Doc. 13-1.

[4] Rec. Doc. 1.

amended and 42 U.S.C. §§ 1981 and 1983, and under Louisiana law.[5] On September 26, 2019, the Court granted a joint motion to dismiss all claims against CHS-SLE LAND, LLC, leaving CHS, Inc. as the sole remaining defendant.[6]

According to the Complaint, Plaintiff was hired as a grader by Defendant in September of 2000.[7] Plaintiff alleges that she received positive performance reviews through her nearly twenty years of employment but suffered from a pattern of denial of promotions.[8] Plaintiff alleges that she had the necessary experience and work performance to ascend to a higher position within the company, but had to receive certain training before she could be promoted to those positions.[9] Plaintiff alleges that she was repeatedly denied the opportunity to participate in cross-training, despite being told by her supervisor that she would be allowed to participate in the training.[10] Plaintiff alleges that as a result, she suffered from deep embarrassment and humiliation and ultimately resigned.[11]

As a result, Plaintiff alleges that Defendant has failed to comply with Title VII.[12] Plaintiff claims that Defendant created a hostile work environment, and caused Plaintiff lost wages and benefits as well as other pecuniary losses.[13] Furthermore, Plaintiff alleges that Defendant has

---

[5] *Id.* at 1.

[6] Rec. Doc. 12.

[7] Rec. Doc. 1 at 3.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.* at 4.

[12] *Id.*

[13] *Id.* at 5.

intentionally inflicted emotional distress upon Plaintiff.[14] Lastly, Plaintiff alleges that she is entitled to punitive damages against Defendant as a result of Defendant's intentional acts and its extreme and outrageous conduct.[15]

Defendant filed the instant motion on October 15, 2019.[16] On November 4, 2019, the Court granted Plaintiff's "Motion to Continue Hearing" thereby resetting the submission date of the instant motion to December 4, 2019.[17] Plaintiff filed an opposition on November 26, 2019.[18] Defendant, with leave of Court, filed a reply in further support of the motion on December 5, 2019.[19]

## II. Parties' Arguments

### A.   *Defendant's Arguments in Support of the Motion*

In the instant motion, Defendant argues that the Court should dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 4(m) or Federal Rule of Civil Procedure 12(b)(6).[20] First, Defendant argues that Plaintiff failed to serve the Complaint within the time limit established by Federal Rule of Civil Procedure 4(m).[21] In the alternative, Defendant contends that Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted.[22]

---

[14] *Id.*

[15] *Id.* at 6.

[16] Rec. Doc. 13.

[17] Rec. Doc. 19.

[18] Rec. Doc. 21.

[19] Rec. Doc. 25.

[20] Rec. Doc. 13-1 at 1.

[21] *Id.*

[22] *Id.*

Specifically, Defendant asserts that Plaintiff's claims should be dismissed under Rule 12(b)(6) for the following reasons: (1) Plaintiff's claim under 42 U.S.C. § 1981 must be dismissed because Plaintiff does not allege discrimination on the basis of race; (2) Plaintiff's claim under 42 U.S.C. § 1983 must be dismissed because Plaintiff does not allege state action; (3) Plaintiff fails to state a claim for intentional infliction of emotional distress because she does not allege sufficiently outrageous conduct to make her claim plausible; and (4) Plaintiff fails to provide sufficient factual information to support claims for "hostile work environment," "constructive discharge" and discrimination based on sex under Title VII.[23]

First, Defendant argues that service was untimely.[24] Defendant contends that pursuant to Federal Rule of Civil Procedure 4(m), a defendant must be served within 90 days after the complaint is filed.[25] Here, Defendant argues that it was not served until 123 days after Plaintiff filed the Complaint.[26]

Second, Defendant contends that Plaintiff's claim under 42 U.S.C. § 1981 must be dismissed because Plaintiff does not allege discrimination on the basis of race.[27] Defendant argues that to state a claim under 42 U.S.C. § 1981, a plaintiff must allege that (1) she is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute.[28] Here, Defendant contends that Plaintiff does not allege that she is a member of a racial minority or that Defendant

---

[23] *Id.*

[24] *Id.* at 2.

[25] *Id.*

[26] *Id.* at 3.

[27] *Id.* at 4.

[28] *Id.* (citing *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997)).

intended to discriminate against her on the basis of her race; accordingly, Defendant argues that Plaintiff's Section 1981 claims must be dismissed.[29]

Third, Defendant argues that Plaintiff's claim under 42 U.S.C. § 1983 must be dismissed because Plaintiff does not allege state action.[30] Defendant contends that to state a claim under Section 1983, a plaintiff must allege and prove state action.[31] Here, Defendant argues that this is a private employment dispute, and Plaintiff does not allege any state action; accordingly, Plaintiff's Section 1983 claims should be dismissed.[32]

Fourth, Defendant contends that Plaintiff fails to state a claim of intentional infliction of emotional distress because she does not allege sufficiently outrageous conduct to make her claim plausible.[33] Defendant argues that to state a claim for intentional infliction of emotional distress, a plaintiff must establish the following: (1) the conduct of the defendant was extreme and outrageous; (2) the emotional distress suffered by the plaintiff was severe; and (3) the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.[34] Defendant contends that the Louisiana courts have limited this cause of action in the workplace setting to truly extreme and outrageous cases, involving repeated and deliberate harassment over time.[35] Defendant argues that IIED claims are

---

[29] *Id*. at 5.

[30] *Id*.

[31] *Id*.

[32] *Id*. at 6.

[33] *Id*.

[34] *Id*. (citing *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991)).

[35] *Id*. (citing *Smith v. Ouachita Parish Sch. Bd.*, 29,873 (La. App. 2 Cir. 9/24/97), 702 So.2d 727, writ denied, 97–2721 (La.1/16/98), 706 So.2d 978; *Stewart v. Parish of Jefferson*, 95–407 (La. App. 5 Cir. 1/30/96), 668 So.2d 1292, writ denied, 96–0526 (La.4/8/96), 671 So.2d 340)).

reserved for conduct that goes beyond the bounds of decency and that personnel decisions, even if wrong, normally do not give rise to such a claim.[36] Here, Defendant contends that the denial of a promotion does not rise to the level of extreme and outrageous conduct.[37]

Fifth, Defendant argues that Plaintiff fails to provide sufficient factual information to support claims for "hostile work environment," "constructive discharge" and discrimination based on sex under Title VII.[38]

Defendant contends that to state a hostile work environment claim under Title VII, a plaintiff must show that: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action.[39] Here, Defendant argues that Plaintiff has set forth no facts to show that she was subjected to harassment that was objectively offensive.[40] Defendant contends that being denied the opportunity to participate in training does not rise to the level of hostile or abusive.[41] Defendant argues that a resignation is actionable under Title VII only if the resignation qualifies as a constructive discharge.[42] However, Defendant contends that discrimination alone and/or a failure to promote is insufficient for a claim of constructive

---

[36] *Id.* at 8 (citing *Kell v. Iberville Bank*, 352 F. Supp. 3d 650, 662–63 (E.D. La. Nov. 7, 2018)).

[37] *Id.* at 8-9.

[38] *Id.* at 9.

[39] *Id.* at 9-10 (citing *E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393, 399 (5th Cir. 2007)).

[40] *Id.* at 10.

[41] *Id.*

[42] *Id.* (citing *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001)).

discharge.[43] Instead, Defendant argues that to prove a constructive discharge claim, a "'plaintiff must establish that working conditions were so intolerable that a reasonable employee would feel compelled to resign.'"[44] Here, Defendant contends that Plaintiff has not alleged sufficient facts to show that her working conditions were so intolerable that a reasonable employee would have felt compelled to resign.[45] In fact, Defendant argues that Plaintiff alleges she was promoted and has not alleged that Defendant reduced her salary or job responsibilities.[46] Finally, Defendant contends that Plaintiff has failed to state a claim for disparate treatment because she fails to allege sufficient facts to show that Defendant did not select her for training because of her sex.[47] Defendant contends that to support a disparate treatment claim under Title VII, a plaintiff must plead an adverse employment action taken against a plaintiff because of her protected status.[48] Here, Defendant argues that the Complaint fails to allege facts that suggest Plaintiff was denied a promotion because of her sex.[49] Accordingly, Defendant contends that this claim should be dismissed.[50]

## B.   *Plaintiff's Arguments in Opposition to the Motion*

In opposition to the motion, Plaintiff argues that she has stated a claim for discrimination on the basis of gender under Title VII of the Civil Rights Act of 1964 and dismissal under Rule

---

[43] *Id.* at 10-11.

[44] *Id.* at 11 (citing *Kinney*, 237 F.3d at 556).

[45] *Id.* at 12.

[46] *Id.*

[47] *Id.*

[48] *Id.*

[49] *Id.* at 14.

[50] *Id.*

4(m) should not be granted as special considerations preventing dismissal exist.[51]

First, Plaintiff states that she does not oppose dismissal of the Section 1981, Section 1983, or intentional infliction of emotional distress claims.[52]

Second, Plaintiff contends that her claims should not be dismissed even though service was untimely.[53] While Plaintiff acknowledges that service was untimely, she argues that Defendant is not prejudiced by the 25-day delay in effecting service.[54] Additionally, Plaintiff contends that the Complaint was filed one day before the 90-day time period outlined in her Equal Employment Opportunity Commission right to sue letter.[55] Plaintiff argues that under Fifth Circuit precedent, because the Complaint was filed prior to the running of the statute of limitations, a dismissal under Rule 4(m) is reviewed under a heightened standard.[56] Here, Plaintiff contends that the delay was minimal, Defendant suffered no ill consequences, and there was no significant period of inactivity.[57] Furthermore, Plaintiff argues that even if the Court determines that a plaintiff lacks good cause for effecting service within 90 days, the Court has discretion to extend the time for service.[58] Therefore, Plaintiff contends that the Court should deny Defendant's Rule 4(m) Motion to Dismiss.[59]

---

[51] Rec. Doc. 21 at 1.

[52] *Id*. at 2-3.

[53] *Id*. at 3.

[54] *Id*.

[55] *Id*. at 4.

[56] *Id*. (citing *Thrasher vs. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013)).

[57] *Id*.

[58] *Id*. (citing *Millan vs. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008)).

[59] *Id*. at 5.

Next, Plaintiff argues that she has clearly articulated her claim of gender discrimination in the Complaint.[60] Plaintiff contends that the Complaint alleges that Plaintiff was one of the few women hired by Defendant, that Plaintiff was repeatedly denied the opportunity to cross-train, which would have made her eligible for promotions, and that a man was instead selected for the training.[61] Plaintiff argues that she has established a prima facie case of discrimination because she (1) is a member of a protected class as a woman; (2) was qualified to receive the cross-training; (3) suffered an adverse employment action, because she was denied the opportunity to train and was constructively discharged; and (4) employees outside of the protected class were treated more favorably, in that men with less qualifications and experience were chosen to receive the training.[62] Furthermore, Plaintiff contends that she was constructively discharged because, as she alleged in the Complaint, the repeated denial of cross-training as well as the selection of less qualified men, led Plaintiff to suffer deep embarrassment, which left her with no choice but to resign.[63] Plaintiff argues that discovery is necessary to fully ascertain Defendant's discriminatory practices.[64]

## C.   *Defendant's Arguments in Further Support of the Motion*

In reply, Defendant first argues that Plaintiff misstates the applicable federal pleading standards, relying on the abrogated "no-set-of-facts" standard.[65] Second, Defendant contends that Plaintiff impermissibly states facts in her opposition that are not contained the Complaint and

---

[60] *Id.*

[61] *Id.* at 6.

[62] *Id.* at 6-7.

[63] *Id.* at 7.

[64] *Id.*

[65] Rec. Doc. 25 at 2.

therefore cannot be considered by the Court for the purposes of the present motion to dismiss.[66] Regarding Plaintiff's constructive discharge claim, Defendant argues that Plaintiff has failed to plead any "aggravating factors" such as demotion, reduction in duties or salary, reassignment, harassment calculated to encourage resignation, or offers of early retirement, in the Complaint.[67] Defendant contends that Plaintiff is not entitled to discovery if she has failed to satisfy the pleading requirements, and given the nature of the aggravating factors, Plaintiff is unlikely to ascertain the information needed through discovery.[68] For example, Defendant argues that Plaintiff is unlikely to "discover" that she was demoted or reassigned or harassed.[69]

Regarding Plaintiff's claims that she was discriminated on the basis of her sex, Defendant contends that Plaintiff fails to plead sufficient facts to show that Defendant had a discriminatory motive.[70] Defendant argues that Plaintiff's claim that a male co-worker was selected over Plaintiff for training does not establish that Defendants were motivated by discriminatory animus.[71] Furthermore, Defendant contends that Plaintiff fails to provide sufficient facts to show that she was qualified for the position she sought.[72] Relatedly, Defendant argues that Plaintiff has not provided sufficient facts to show that she was better or equally qualified for the cross-training than the male employee who was selected for the cross-training.[73] For example, Defendant contends

---

[66] *Id*. at 2-3.

[67] *Id*. at 3-4.

[68] *Id*. at 4.

[69] *Id*.

[70] *Id*. at 5 (citing *Chhim v. U. of Texas at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)).

[71] *Id*. (citing *English v. Purdue*, 18-50530, 2019 WL 2537414 (5th Cir. 2019)).

[72] *Id*. at 6.

[73] *Id*.

that while Plaintiff alleges she had positive performance reviews, she does not allege that her reviews were similar or better than the male co-worker, or that she had more relevant experience, or that she was more qualified to receive the cross-training.[74] Therefore, Defendant argues that Plaintiff has not provided sufficient factual support to survive a motion to dismiss.[75]

### III. Legal Standard

*A.*   ***Legal Standard for a Motion to Dismiss under Rule 4(m)***

When service of process is challenged, the party responsible for effecting service must bear the burden of establishing its validity.[76] Federal Rule of Civil Procedure 4 governs service of process generally, and Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The burden is clearly on the plaintiff to show good cause as to why service was not effected timely,[77] and the plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[78] Nonetheless, the Court has discretion under Rule 4(m) to extend the time for service even in the absence of good cause.[79]

---

[74] *Id.* at 7.

[75] *Id.*

[76] *Aetna Bus. Credit., Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981).

[77] *McGinnis v. Shalala*, 2 F.3d 548, 550 (5th Cir. 1993).

[78] *Gartin v. Par Pharm. Cos. Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).

[79] *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013); *see also Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008).

**B.      *Legal Standard for a Motion to Dismiss under Rule 12(b)(6)***

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[80] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[81] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[82] "Factual allegations must be enough to raise a right to relief above the speculative level."[83] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged."[84]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[85] Although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[86] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."[87] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[88] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a

---

[80] Fed. R. Civ. P. 12(b)(6).

[81] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[82] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

[83] *Twombly*, 550 U.S. at 555.

[84] *Iqbal*, 556 U.S. at 678.

[85] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[86] *Iqbal*, 556 U.S. at 677–78.

[87] *Id.* at 679.

[88] *Id.* at 678.

cause of action.[89] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[90] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[91] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[92]

## C.   *Legal Standard for a Title VII claim*

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's sex . . . ."[93] A plaintiff may establish a violation of Title VII by proving that discrimination has created a hostile or abusive working environment,[94] or by proving disparate treatment on the basis of race or sex.[95] "Disparate-treatment discrimination addresses employment actions that treat an employee worse than others based on the employee's race, color, religion, sex, or national origin. In such disparate-treatment cases, proof and finding of discriminatory motive is required."[96] A plaintiff may prove discriminatory motive through either

---

[89] *Id.*

[90] *Id.*

[91] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[92] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[93] 42 U.S.C. § 2000e–2(a)(1).

[94] *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986).

[95] *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001).

[96] *Pacheco v. Mineta*, 448 F.3d 783, 787 (5th Cir. 2006).

direct or circumstantial evidence.[97] When a plaintiff relies on circumstantial evidence, courts analyze the claim under the *McDonnell Douglas* burden-shifting framework.[98] "Under this framework, the plaintiff must first create a presumption of discrimination by making out a prima facie case of discrimination."[99]

However, the Supreme Court has recognized an important distinction between the *McDonnell Douglas* evidentiary standard from the *Twombly/Iqbal* pleading standard.[100] Therefore, "a plaintiff need not make out a prima facie case of discrimination [under *McDonnell Douglas*] in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim."[101] Although plaintiffs do not "have to submit evidence to establish a prima facie case of discrimination at this stage, [they must] plead sufficient facts on all of the *ultimate elements* of a disparate treatment claim to make [their] case plausible."[102] The Fifth Circuit has explained "there are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an 'adverse employment action,' (2) taken against a plaintiff 'because of her protected status.'"[103]

---

[97] *Portis v. First Nat'l Bank of New Albany, Miss.*, 34 F.3d 325, 328 (5th Cir. 1994).

[98] *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

[99] *Id.*

[100] *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002) (explaining "the precise requirements of a prima facie case can vary depending on the context and were 'never intended to be rigid mechanized, or ritualistic'") (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978))).

[101] *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (holding that a district court may not require "a showing of each prong of the prima facie test for disparate treatment at the pleading stage"); *see also Cicalese v. U. of Texas Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) ("A court thus inappropriately heightens the pleading standard by subjecting a plaintiff's allegations to a rigorous factual or evidentiary analysis under the *McDonnell Douglas* framework in response to a motion to dismiss.").

[102] *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (emphasis added).

[103] *Cicalese*, 924 F.3d at 767 (citing *Raj*, 714 F.3d at 331); *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 576 (5th Cir. 2004)); *see also Raj*, 714 F.3d at 331 (explaining a plaintiff must allege "facts, [either] direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's] race or national origin or that [the employer] treated similarly situated employees of other races or national origin more favorably"); *Pacheco*, 448 F.3d at 787 (a "discriminatory motive is required" for disparate treatment claims).

## IV. Analysis

In the instant motion, Defendant argues that the Court should dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 4(m) or Federal Rule of Civil Procedure 12(b)(6).[104] The Court addresses each of these issues in turn.

### A.     Whether Plaintiff's Claims Should be Dismissed Pursuant to Rule 4(m)

Defendant argues that service was untimely because, pursuant to Federal Rule of Civil Procedure 4(m), a defendant must be served within 90 days after the complaint is filed.[105] Here, Defendant argues that it was not served until 123 days after Plaintiff filed the Complaint.[106] Plaintiff contends that while service was untimely, her claims should not be dismissed because Defendant is not prejudiced by the 25-day delay in effecting service.[107] Additionally, Plaintiff contends that the delay was minimal, Defendant suffered no ill consequences, and there was no significant period of inactivity.[108]

Federal Rule of Civil Procedure 4(m) provides:

 If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, Plaintiff filed the Complaint on May 3, 2019.[109] However, Plaintiff waited until August 26, 2019 to serve the Complaint on Defendant by certified mail.[110] Defendant states that it was not

---

[104] Rec. Doc. 13-1 at 1.

[105] *Id*. at 2.

[106] *Id*. at 3.

[107] *Id*.

[108] Rec. Doc. 21 at 4.

[109] Rec. Doc. 1.

[110] Rec. Doc. 13-2.

served until 123 days after Plaintiff filed the Complaint.[111] Plaintiff does not dispute that service was untimely.[112]

Plaintiff carries the burden to demonstrate good cause for failure to comply with Rule 4.[113] Plaintiff states that the delay was caused by a change in representation, after the attorney initially hired by Plaintiff declined to represent Plaintiff.[114] Therefore, Plaintiff had to hire a new attorney, which caused the delay in service.[115] Even assuming this explanation would not justify an approximately 30-day delay in service, the Court has discretion under Rule 4(m) to extend the time for service even in the absence of good cause.[116] Considering the above, the Court will deny the motion to dismiss Plaintiff's claims on the basis of untimely service.

**B.    *Whether Plaintiff's Claims Should be Dismissed Pursuant to Rule 12(b)(6)***

### 1.    Whether Plaintiff's Section 1981, Section 1983 and Intentional Infliction of Emotional Distress Claims Should be Dismissed

Defendant contends that Plaintiff's claim under 42 U.S.C. § 1981 must be dismissed because Plaintiff does not allege discrimination on the basis of race.[117] Defendant argues that Plaintiff's claim under 42 U.S.C. § 1983 must be dismissed because Plaintiff does not allege state action.[118] Defendant contends that Plaintiff fails to state a claim of intentional infliction of

---

[111] Rec. Doc. 13-1 at 3.

[112] Rec. Doc. 21 at 3.

[113] *McGinnis*, 2 F.3d at 550.

[114] Rec. Doc. 21 at 4 n.2 ("Plaintiff retained undersigned counsel just prior to the expiration of the 90 day time period outlined in her EEOC claim. The attorney plaintiff initially hired later declined to represent her or file suit on her behalf, leaving plaintiff desperate and close to the expiration of the 90 day time period.").

[115] *Id*.

[116] *Thrasher*, 709 F.3d at 511 (5th Cir. 2013); *see also Newby.*, 284 F. App'x at 149.

[117] Rec. Doc. 13-1 at 4.

[118] *Id*. at 5.

emotional distress because she does not allege sufficiently outrageous conduct to make her claim plausible.[119] Plaintiff does not oppose the dismissal of the Section 1981, Section 1983, and intentional infliction of emotional distress claims.[120] Therefore, the Court dismisses those claims with prejudice.

### 2.    Whether Plaintiff's Hostile Work Environment Claim Should be Dismissed

Defendant argues that Plaintiff failed to state a hostile work environment claim under Title VII because she has set forth no facts to show that she was subjected to harassment that was objectively offensive.[121] Plaintiff does not respond to Defendant's argument regarding hostile work environment.

"To state a hostile work environment claim under Title VII, the plaintiff must show that: (1) the victim belongs to a protected group; (2) the victim was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) the victim's employer knew or should have known of the harassment and failed to take prompt remedial action."[122]  The Supreme Court has instructed that discrimination under Title VII "is not limited to 'economic' or 'tangible' discrimination."[123] Rather, Title VII is violated "[w]hen the workplace is permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'"[124]

---

[119] *Id*. at 6.

[120] Rec. Doc. 21 at 2-3.

[121] Rec. Doc. 13-1 at 10.

[122] *E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393, 399 (5th Cir. 2007).

[123] *Meritor Savings Bank FSB v. Vinson*, 477 U.S. 57, 64 (1986).

[124] *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993) (quoting *Meritor Savings Bank*, 477 U.S. at 65, 67).

The Supreme Court has described the contours between actionable conduct and conduct that is merely offensive, but not actionable.[125] These differing standards are in place to ensure that Title VII does not become a 'general civility code'"[126] whereby "the ordinary tribulations of the workplace" are actionable.[127] To be actionable under Title VII, the conduct at issue must be both objectively and subjectively offensive.[128] Therefore, to qualify, the "victim [must] perceive the environment [as] abusive" and the conduct complained of must "create an objectively hostile or abusive work environment [such] that a reasonable person would find hostile or abusive."[129] The Fifth Circuit has instructed that to determine whether a work environment is hostile or abusive, "courts consider the totality of the circumstances, including (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or merely an offensive utterance; and (4) whether it interferes with an employee's work performance."[130] No single factor is determinative.[131]

Here, Plaintiff claims that Defendant created a hostile work environment based on the repeated denials of opportunities to cross-train, which led to denials of promotions.[132] Plaintiff alleges that despite having the necessary experience and work performance to ascend to a higher

---

[125] *Id*.

[126] *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (quoting *Harris*, 510 U.S. at 18).

[127] *Id*. (quoting B. LINDEMANN & D. KADUE, SEXUAL HARASSMENT IN EMPLOYMENT LAW 175 (1992)).

[128] *Id*. at 21-22 ("Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview. Likewise, if the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no Title VII violation.").

[129] *Id*.

[130] *WC&M Enterprises*, 496 F.3d at 400.

[131] *Id*.

[132] Rec. Doc. 1 at 3-4.

position within the company, she was denied the opportunity to cross-train, while at least one male employee was selected.[133]

This denial of opportunities to cross train does not amount to the type of "extreme" conduct required by the Supreme Court to make out a claim for a hostile work environment.[134] The Fifth Circuit recently found that "[d]enials of promotions . . . are not offensive or harassing in the way necessary to support a hostile work environment claim."[135] The behavior Plaintiff alleges in the Complaint does not rise to the level necessary to support a hostile work environment claim. Plaintiff does not allege any behavior that demonstrates that the workplace was permeated with discriminatory intimidation, ridicule and insult. Plaintiff does not specify the nature of the denials to cross-train. Plaintiff does not present a single sex-based comment by any coworker or supervisor. Simply put, Plaintiff fails to allege facts that would support a claim of hostile work environment. A denial to cross-train is nowhere near as "extreme" as the conduct necessary to establish a claim for hostile work environment.[136] Accordingly, the Court finds that Plaintiff has failed to allege conduct severe and pervasive enough to form the basis of a hostile work

---

[133] *Id*. at 3.

[134] *See Faragher*, 524 U.S. at 788.

[135] *Montgomery-Smith v. George*, No. 18-30987, 2020 WL 1907546, at *5 (5th Cir. Apr. 17, 2020).

[136] *Id*. (affirming summary judgment on a hostile work environment claim where the plaintiff's claim was based on repeated denials of promotions and the following events: (1) the plaintiff was laughed at each time the plaintiff was denied a promotion; (2) the plaintiff's office was moved from the sixth floor to the fourth; (3) the plaintiff was not invited to the 2017 Thanksgiving luncheon; (4) the plaintiff was not asked to participate in the office's "Pink Day;" (5) the plaintiff was isolated from her coworkers; and (6) other employees were instructed not to talk to the plaintiff."); *WC&M Enterprises*, 496 F.3d at 400 (determining genuine issues of material fact precluded entry of summary judgment on a hostile work environment claim where a Muslim man was regularly subjected to verbal harassment for one year by being called names such as "Taliban" and told to "go back where [he] came from"); *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 330 (5th Cir. 2009) (affirming summary judgment on a hostile work environment claim where a supervisor stated that he and the plaintiff should be "sweet" to each other and that he loved her approximately six times was "at most . . . unwanted and offensive" and not "severe, physically threatening, or humiliating"); *Gibson v. Verizon Servs. Org., Inc.*, 498 F. App'x 391, 394 (5th Cir. 2012) (determining that the plaintiff failed to state hostile work environment claim where plaintiff alleged that that her coworker left harassing notes on her desk, refused to help her, lunged for a remote while she was watching television, had a history of bullying women, and acted erratically in response to a question from the plaintiff).

19

environment claim.

Although Plaintiff has not plead facts to form the basis of a hostile work environment claim, this does not mean that she could not do so. Short of granting a motion to dismiss, the Court may grant Plaintiff leave to amend the Complaint.[137] Accordingly, at this time, the Court will deny the Defendant's motion to the extent it seeks dismissal of Plaintiff's hostile work environment claim, and grant Plaintiff leave to amend the Complaint to address these deficiencies, if possible.

### 3.      Whether Plaintiff's Constructive Discharge Claim Should be Dismissed

Defendant argues that a resignation is actionable under Title VII only if the resignation qualifies as a constructive discharge and that here, Plaintiff has not alleged sufficient facts to show that her working conditions were so intolerable that a reasonable employee would have felt compelled to resign.[138] Plaintiff contends that she was constructively discharged because, as she alleged in the Complaint, the repeated denial of cross-training as well as the selection of less qualified men, led Plaintiff to suffer deep embarrassment, which left her with no choice but to resign.[139] In response, Defendant argues that Plaintiff has failed to plead any "aggravating factors" such as demotion, reduction in duties or salary, reassignment, harassment calculated to encourage resignation, or offers of early retirement, in the Complaint.[140]

"A resignation is actionable under Title VII, allowing the plaintiff to seek compensatory damages for events after the resignation, only if the resignation qualifies as a constructive discharge. "To prove a constructive discharge, a 'plaintiff must establish that working conditions

---

[137] Fed. R. Civ. P. 15(a)(2) ("The Court should freely give leave when justice so requires."); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

[138] Rec. Doc. 13-1 at 12.

[139] Rec. Doc. 21 at 7.

[140] Rec. Doc. 25 at 3-4.

were so intolerable that a reasonable employee would feel compelled to resign.'"[141] To determine whether a reasonable employee would feel compelled to resign, the Fifth Circuit has considered the relevancy of the following events:

> (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement [or continued employment on terms less favorable than the employee's former status]....[142]

"Constructive discharge requires a greater degree of harassment than that required by a hostile environment claim. Discrimination alone, without aggravating factors, is insufficient for a claim of constructive discharge, as is a discriminatory failure to promote."[143]

Here, Plaintiff was not discharged; she resigned.[144] Plaintiff contends that she was constructively discharged because, as she alleged in the Complaint, the repeated denial of cross-training as well as the selection of less qualified men, led Plaintiff to suffer deep embarrassment, which left her with no choice but to resign.[145] As stated above, the Fifth Circuit has determined that a plaintiff must show the existence of certain aggravating factors in order to assert a claim of constructive discharge.[146]

Analyzing the aggravating factors, Plaintiff has not alleged any facts to show: (1) that she was demoted from her position; (2) that she faced a reduction in salary; (3) that Defendant reduced

---

[141] *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001) (quoting *Faruki v. Parsons*, 123 F.3d 315, 319 (5th Cir. 1997)).

[142] *Id*. (citing *Brown v. Bunge Corp.*, 207 F.3d 776, 782 (5th Cir. 2000)).

[143] *Id.* (citing *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998)).

[144] Rec. Doc. 1 at 4.

[145] Rec. Doc. 21 at 7.

[146] *Brown*, 237 F.3d at 566.

her job responsibilities;[147] (4) that she was reassigned to menial or degrading work; (5) that she had to work under a younger supervisor; or (7) that Defendant made any offers of early retirement or continued employment on terms less favorable than the employee's former status.

Thus, the only factor that Plaintiff appears to rely on to establish that working conditions were so intolerable that a reasonable employee would feel compelled to resign is "badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation."[148] In *Stover v. Hattiesburg Public School District*, the Fifth Circuit determined that a plaintiff's allegations did not amount to badgering, harassment, or humiliation.[149] In that case, the plaintiff, an African-American female, alleged that she was not provided the same career development opportunities as a white male in a similar position.[150] For example, the plaintiff alleged that she was not allowed comp time while others in similar positions were allowed comp time; her supervisor exhibited anger, violence, and shouting; her complaints of discrimination were not investigated; and she was excluded from prestigious retreats.[151]

Here, Plaintiff alleges that she was repeatedly denied opportunities to cross-train; Plaintiff alleges that this led her to suffer "deep embarrassment and humiliation as a result of the degrading denials for promotion."[152] As in *Stover*, Plaintiff claims that she was denied potential career

---

[147] Rec. Doc. 1 at 3. Plaintiff alleges that she was "hired as a grader" and that her "last position was that of a Rail & Barge Supervisor." Plaintiff does not explicitly state whether this was a promotion, demotion or lateral move. Defendants contend that this was in fact a promotion. *See* Rec. Doc. 13-1 at 12 ("On the contrary, Plaintiff alleges that she was promoted during her employment from grader to Rail & Barge Supervisor.").

[148] *Brown*, 237 F.3d at 566.

[149] 549 F.3d 985, 991–992 (5th Cir. 2008).

[150] *Id.*

[151] *Id.*

[152] Rec. Doc. 1 at 4.

opportunities and that Defendant was aware of the problem, but did not remedy the situation.[153] Unlike *Stover*, Plaintiff does not allege that she witnessed anger, violence, or shouting by her supervisor or any of Defendant's management members.[154] Moreover, even if Defendant's actions did constitute badgering, harassment, or humiliation, Plaintiff does not allege that any actions by Defendant were "calculated to encourage [Plaintiff's] resignation."[155] Therefore, Plaintiff's allegations do not support a constructive discharge claim. These facts, without more, are insufficient for a finding that a reasonable employee in Plaintiff's position would have felt compelled to resign.

Although Plaintiff has not plead facts to form the basis of a constructive discharge claim, this does not mean that she could not do so. Short of granting a motion to dismiss, the Court may grant Plaintiff leave to amend the Complaint.[156] Accordingly, at this time, the Court will deny the Defendant's motion to the extent it seeks dismissal of Plaintiff's constructive discharge claim, and grant Plaintiff leave to amend the Complaint to address these deficiencies, if possible.

### 4.     Whether Plaintiff's Claim of Discrimination Based on Sex Under Title VII Claims Should be Dismissed

Defendant contends that Plaintiff has failed to state a claim for disparate treatment because she fails to allege sufficient facts to show that Defendant did not select her for training *because of* her sex.[157] Defendant argues that the Complaint fails to allege facts that suggest that Plaintiff was

---

[153] 549 F.3d at 991–992.

[154] *Id*.

[155] *Brown*, 237 F.3d at 566.

[156] Fed. R. Civ. P. 15(a)(2) ("The Court should freely give leave when justice so requires."); *see also Carroll*, 470 F.3d at 1175 (quoting *Dussouy*, 660 F.2d at 597–98).

[157] Rec. Doc. 13-1 at 12.

denied a promotion because of her sex.[158] Plaintiff argues that she has clearly articulated her claim of gender discrimination in the Complaint by alleging that Plaintiff was one of the few women hired by Defendant, that Plaintiff was repeatedly denied the opportunity to cross-train, which would have made her eligible for promotions, and that a man was instead selected for the training.[159]

"Disparate-treatment discrimination addresses employment actions that treat an employee worse than others based on the employee's race, color, religion, sex, or national origin. In such disparate-treatment cases, proof and finding of discriminatory motive is required."[160] As explained above "a plaintiff need not make out a prima facie case of discrimination [under *McDonnell Douglas*] in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim."[161] Although Plaintiff "did not have to submit evidence to establish a prima facie case of discrimination at this stage, [she] had to plead sufficient facts on all of the *ultimate elements* of a disparate treatment claim to make [her] case plausible."[162] The Fifth Circuit has explained "there are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an 'adverse employment action,' (2) taken against a plaintiff '*because of* her protected status.'"[163] A plaintiff must allege "facts, [either] direct or circumstantial, that would suggest [the

---

[158] *Id*. at 14.

[159] Rec. Doc. 21 at 6.

[160] *Pacheco*, 448 F.3d at 787.

[161] *Raj*, 714 F.3d at 331 (holding that a district court may not require "a showing of each prong of the prima facie test for disparate treatment at the pleading stage"); *see also Cicalese*, 924 F.3d at 767 ("A court thus inappropriately heightens the pleading standard by subjecting a plaintiff's allegations to a rigorous factual or evidentiary analysis under the *McDonnell Douglas* framework in response to a motion to dismiss.").

[162] *Chhim*, 836 F.3d at 470 (emphasis added).

[163] *Cicalese*, 924 F.3d at 767 (citing *Raj*, 714 F.3d at 331; *Kanida*, 363 F.3d at 576); *see also Pacheco*, 448 F.3d at 787 (a "discriminatory motive is required" for disparate treatment claims).

employer's] actions were based on [the plaintiff's protected status] or that [the employer] treated similarly situated employees [outside the protected class] more favorably."[164]

In *Cicalese v. U. of Texas Med. Branch*, the Fifth Circuit held that the plaintiffs, a married physician couple born in Italy and working as professors at a university medical branch, alleged sufficient facts to state a plausible Title VII disparate treatment claim.[165] The couple alleged that medical center leadership made derogatory statements about Italians, including (1) asking the couple "[w]hat are you doing here? You should go back to Italy" (2) expressing a lack of care about "these Italians" and (3) referring to "stupidity" and failure to "understand[ ] a situation" as an "Italian thing."[166] The couple alleged that their subsequent demotions and salary reductions were motivated by the anti-Italian bias, evidenced by the above statements.[167] The district court determined that the plaintiffs did not allege facts plausibly showing any adverse actions were taken *because of* their national origin. The Fifth Circuit, acknowledging that the case presented a "close call," held that the plaintiffs had alleged sufficient facts to state plausible Title VII disparate treatment claim.[168]

In *Raj v. La. State Univ.*, the Fifth Circuit determined that the plaintiff failed to state a claim for disparate treatment under Title VII.[169] In *Raj*, the plaintiff, a professor at Louisiana State University ("LSU") alleged discrimination based on his race, religion, national origin, age, and

---

[164] *Raj,* 714 F.3d at 331.

[165] 924 F.3d 762, 769 (5th Cir. 2019).

[166] *Id*. at 764–65.

[167] *Id*.

[168] *Id*. at 768.

[169] *Raj,* 714 F.3d at 331.

gender.[170] The district court dismissed the plaintiff's claims under Rule 12(b)(6) for failure to allege facts on which relief could be granted.[171] In affirming the district court, the Fifth Circuit reasoned that the plaintiff's "complaint and speculation did not allege any facts, direct or circumstantial, that would suggest LSU's actions were based on Raj's race or national origin or that LSU treated similarly situated employees of other races or national origin more favorably."[172] Because the plaintiff did not raise his right to relief above the speculative level, the Fifth Circuit affirmed the district court's dismissal under Rule 12(b)(6) for failure to state a claim.[173]

The Fifth Circuit has held that "the 'ultimate question' in a Title VII disparate treatment claim remains 'whether a defendant took the adverse employment action against a plaintiff *because of* her protected status.'"[174] Here, Plaintiff alleges that she was denied promotions because she was repeatedly denied the opportunity to cross-train to be eligible for the promotion.[175] Plaintiff alleges that despite having the necessary experience and work performance to ascend to a higher position within the company, she was denied the opportunity to cross-train.[176] Furthermore, Plaintiff alleges that in at least one instance, a male employee supervised by Plaintiff was selected for the training.[177] Lastly, Plaintiff alleges that she was one of the few women hired and employed in her

---

[170] *Id.* at 326.

[171] *Id.* at 327.

[172] *Raj,* 714 F.3d at 331.

[173] *Id.*

[174] *Raj,* 714 F.3d at 331 (quoting *Kanida*, 363 F.3d at 576).

[175] Rec. Doc. 1 at 3.

[176] *Id.* at 3.

[177] *Id.*

department.[178]

To state a claim under Title VII, a plaintiff must allege facts that would suggest that a defendant's actions were based on sex; in other words, the plaintiff must allege that the defendant treated similarly situated employees of the other sex more favorably.[179] Here, Plaintiff has alleged "facts, [either] direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's protected status] or that [the employer] treated similarly situated employees [outside the protected class] more favorably."[180] Plaintiff has alleged facts that would suggest that Defendant's decision not to cross-train Plaintiff was based on Plaintiff's sex. Additionally, Plaintiff alleges that Defendant treated similarly situated employees of the other sex more favorably. Plaintiff alleges that after she was repeatedly denied the opportunity to cross-train, a male employee, supervised by Plaintiff, was selected for the training.[181] Therefore, Plaintiff has identified a similarly situated comparator who received better treatment.

Accordingly, the Court finds that Plaintiff has alleged sufficient facts in support of her Title VII claim to survive a Rule 12(b)(6) motion to dismiss. The Court finds that Plaintiff's allegations raise the plausible inference that Defendant treated Plaintiff differently because she is a woman.[182] Therefore, the motion to dismiss Plaintiff's Title VII claim of disparate treatment is denied.

## V. Conclusion

For the reasons discussed above, the Court grants the motion in part, denies the motion in part, and grants Plaintiff leave to amend the Complaint to address certain pleading deficiencies

---

[178] *Id.*

[179] *Raj*, 714 F.3d at 331.

[180] *Id.*

[181] Rec. Doc. 1 at 3.

[182] *Cicalese*, 924 F.3d at 767.

noted herein, if possible. The Court, in its discretion, denies the motion to dismiss Plaintiff's claims on the basis of untimely service. The Court dismisses the Section 1981, Section 1983, and intentional infliction of emotional distress claims. The Court finds that Plaintiff has failed to plead facts to form the basis of a hostile work environment claim and a constructive discharge claim. Nevertheless, short of granting the motion to dismiss, the Court will deny the Defendant's motion to the extent it seeks dismissal of Plaintiff's hostile work environment and constructive discharge claims, and grant Plaintiff leave to amend the Complaint to address these deficiencies, if possible. Lastly, the Court finds that Plaintiff has alleged sufficient facts in support of her Title VII claim of disparate treatment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Motion to Dismiss Pursuant to Rules 4(m) and 12(b)(6)"[183] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent that Defendant seeks dismissal of Plaintiff's Section 1981, Section 1983, and intentional infliction of emotional distress claims. Plaintiff's Section 1981, Section 1983, and intentional infliction of emotional distress claims are **DISMISSED WITH PREJUDICE.** The motion is **DENIED** in all other respects.

---

[183] Rec. Doc. 13.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend the Complaint within twenty-one days of entry of this Order to address the deficiencies noted herein, if possible.

**NEW ORLEANS, LOUISIANA**, this <u>2nd</u> day of July, 2020.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**